IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBRA A. SCHNERING, et al.,

        Plaintiffs,

v.                             CIVIL ACTION NO.   2:12-cv-01071

ETHICON, INC., et al.,

        Defendants.


MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment)

        Pending before the court is the Motion for Partial Summary Judgment [ECF No. 95] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

## I.    Background

        This action involves Illinois co-plaintiffs, one of whom was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape ("TVT"), on September 16, 2003, at St. Francis Hospital & Health Center, Blue Island, Illinois, by Dr. James A. Sylora. Am. Short Form Compl. [ECF No. 19] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there

are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

## II.    Legal Standards

### A.    Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the

court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B.    Choice of Law

The parties appear to agree that Illinois choice-of-law principles apply to this case and that these principles compel the application of Illinois law to the plaintiffs' substantive claims. Ethicon asserts that New Jersey law applies to the issue of punitive damages; the plaintiffs dispute this assertion.

3

To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Here, the plaintiffs filed their initial complaint in the Northern District of Illinois. Compl. [ECF No. 1]. Thus, the choice-of-law principles of Illinois guide this court's choice-of-law analysis.

Illinois is the plaintiffs' state of residence, where the TVT implant surgery took place, and where their claimed injuries occurred. For the reasons discussed in *Huskey v. Ethicon, Inc.*, I agree with the parties that Illinois law applies to the plaintiffs' substantive claims. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 740–41 (S.D.W. Va. 2014) (Illinois uses the "most-significant-relationship" test and permits dépeçage—a separate choice-of-law analysis for each individual issue). In *Huskey*, I also found that New Jersey law—rather than Illinois law—applied to the *Huskey* plaintiffs' punitive damages claim. *Id.* Here, I need not decide what law applies to punitive damages at this time because Ethicon does not challenge punitive damages.

## III.     Analysis

Ethicon argues it is entitled to partial summary judgment because the relevant statute of limitations bars certain claims. Ethicon also argues it is entitled to partial summary judgment because certain claims are without evidentiary or legal support.

### A.     Conceded Claims

The plaintiffs concede the following claims: Count II (Strict Liability – Manufacturing Defect), Count VIII (Constructive Fraud), and Count XIII (Violation of Consumer Protection Laws). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B.     Strict Liability – Defective Product

Illinois recognizes three types of strict products liability: (1) manufacturing defect, (2) design defect, and (3) failure to warn. *See Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 335, 339 (Ill. 2008), *dissenting opinion on denial of reh'g* (Dec. 18, 2008); *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 108 (Ill. App. Ct. 2010).

Ethicon moves for summary judgment on the plaintiffs' "Count IV (Strict Liability – Defective Product)" claim. Ethicon appears to interpret the plaintiffs' claim to allege something beyond one of the three categories named above. The plaintiffs take Ethicon's argument as a challenge to their design defect claim. Indeed, at one point the plaintiffs incorrectly refer to the claim as "Count IV (Strict Liability – Defective *Design*)." Pls.' Mem. Supp. Opp. to Defs.' Mot. Part. Summ. J. [ECF

No. 104] at 20 (emphasis added). Ethicon, however, does not challenge the plaintiffs' design defect claim, Count V (Strict Liability – Design Defect). *See* Defs.' Mot. Part. Summ. J. [ECF 95] at 1. I make no ruling as to Count V.

To the extent that the plaintiffs attempt to allege a strict liability claim *beyond* (1) manufacturing defect, (2) design defect, or (3) failure to warn, Ethicon's Motion as to Count IV (Strict Liability – Defective Product) is **GRANTED**.

### C.    Breach of Implied Warranty (Fitness for a Particular Purpose)

Illinois law recognizes both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Ethicon's motion for summary judgment on the plaintiffs' breach of implied warranty of merchantability claim is addressed below in Section D. Ethicon's motion for summary judgment on the plaintiffs' breach of implied warranty of fitness for a particular purpose is addressed here.

Under Illinois law, "[n]o warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product." *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013) (citing *Wilson v. Massey–Ferguson, Inc.*, 315 N.E.2d 580, 582 (Ill. 1974)). Here, Ms. Schnering's implanting physician prescribed the TVT for its intended use, treating SUI. Accordingly, Ethicon's Motion as to Count XII (Breach of Implied Warranty of Fitness for a Particular Purpose) is **GRANTED**.

6

### D.    All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon, including timeliness under the Illinois statute of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV.    Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Partial Summary Judgment [ECF No. 95] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (Strict Liability – Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VIII (Constructive Fraud), Count XII (Breach of Implied Warranty of Fitness for a Particular Purpose), and Count XIII (Violation of Consumer Protection Laws). Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    February 3, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7